W. RANDOLPH PATTON, ESQ.
Nevada Bar No.: 000365
**PATTON, SHEA & KIRALY, P.C.**
3016 West Charleston Blvd., Suite 195
Las Vegas, Nevada 89102
(702) 870-6790  - *Phone*
(702) 870-7490  - *Facsimile*
rpatton@psklawfirm.com

*Attorney for Defendant/Petitioner*
*CALIFORNIA CASUALTY INDEMNITY EXCHANGE*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER L. CARLE; ASA EUBANKS,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA CASUALTY INDEMNITY EXCHANGE, a foreign corporation; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>Defendants. | CASE NO.: |

## PETITION FOR REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

The Petitioner, CALIFORNIA CASUALTY INDEMNITY EXCHANGE, by and through its undersigned counsel respectfully Petitions the Court for an Order removing the above-entitled action to the United States District Court and alleges as follows:

1. Petitioner, CALIFORNIA CASUALTY INDEMNITY EXCHANGE, is the Defendant in the above entitled action.

2. Defendant/Petitioner CALIFORNIA CASUALTY INDEMNITY EXCHANGE is

a California company with its principal place of business in San Mateo, California. The Plaintiffs are citizens of Nevada. There are no other named defendants to this suit.

3. The above-entitled action was commenced against the Petitioner on August 13, 2012, in the District Court, Clark County, Nevada, and is now pending in such Court as Case No. A-12-666695-C.

4. The Petitioner was served by mail with the Summons and Complaint in Case No. A-12-666695-C by the Department of Commerce, Insurance Division of the State of Nevada on August 28, 2012. The Summons and Complaint were received by Petitioner on August 31, 2012, the date Defendant first received a copy of the pleadings.

5. The above action is an action for damages wherein the amount in controversy exceeds the sum of $75,000.00. In support of this allegation, Petitioner further states as follows:

This case arises out of a motor vehicle accident that occurred on July 14, 2011. At that time, the plaintiffs were occupants in a vehicle insured with a policy including underinsured motorist coverage (UIM) benefits. The UIM limits of the policy on its face are $100,000.00 per person and $300,000.00 per occurrence.

In their Complaint, Plaintiffs Christopher L. Carle and Asa Eubanks allege three claims for relief: Breach of Contract; Violation of the Unfair Claims Practices Act and Breach of the Covenant of Good Faith/Bad Faith. Each claim for relief alleges general damages in an amount in excess of $10,000.00, and the prayer for relief purports to allege punitive damages. Demands of $100,000.00 have been made by each of the Plaintiffs. By virtue of the extracontractual claims of bad faith, and punitive damages which have been joined with the contract claim, the amount in controversy is also met. See Sharp Electronics Corp. v. Copy Plus, Inc., 939 F.2d 513 (7th Cir. 1991); Garza v.

Bettcher Industries, Inc., 752 F.Supp. 753, 763 (E.D.Mich. 1990); Mullins v. Harry's Mobile Homes Inc., 861 F.Supp. 22 (S.D.W.Va. 1994). In Nevada, there is no statutory cap for damages against an insurance company. As a consequence, such damages, by themselves, if awarded may exceed the statutory jurisdictional amount of $75,000.00 for Federal Court. For these reasons, the jurisdictional prerequisite has been met in this case.

6. There is diversity of citizenship between Plaintiffs and Defendant and this Court has jurisdiction over the above entitled action pursuant to 28 USC Section 1332 and 28 USC Section 1441.

7. Copies of the Summons, Complaint and Proof of Service showing that the Complaint was served on Defendant on August 28, 2012, are attached hereto as Petitioner's Exhibit "A".

WHEREFORE, Petitioner requests that the above entitled action be removed from the District Court, Clark County, Nevada to this Court.

DATED this 14TH day of September, 2012.

PATTON, SHEA & KIRALY, P.C.

By: _____
W. RANDOLPH PATTON, ESQ.
Nevada Bar No. 000365
3016 W. Charleston Blvd., Suite 195
Las Vegas, NV 89102
*Attorney for Defendant CALIFORNIA CASUALTY INDEMNITY EXCHANGE*

## CERTIFICATE OF MAILING

Pursuant to N.R.C.P. (5)(b), I hereby certify that service of the foregoing ***PETITION FOR REMOVAL*** was made on the 14TH day of September, 2012, by depositing a true copy of the same for mailing with the USPS at Las Vegas, Nevada, addressed to:

Joshua R. Harris, Esq.
Kyle A. Stucki, Esq.
Richard Harris Law Firm
801 S. 4th St.
Las Vegas, NV 89101
Fax: 702-444-4455
jharris@richardharrislaw.com
kyle@richardharrislaw.com
*Attorneys for Plaintiffs*
CHRISTOPHER CARLE and ASA EUBANKS

_____
Angie Henderson
An Employee of PATTON, SHEA & KIRALY, P.C.

**Exhibit A**

BRIAN SANDOVAL  
*Governor*

STATE OF NEVADA

AUG 3 1 2012

TERRY JOHNSON  
*Director*

SCOTT J. KIPPER  
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY  
DIVISION OF INSURANCE  
1818 East College Pkwy., Suite 103  
Carson City, Nevada 89706  
(775) 687-0700  •  Fax (775) 687-0787  
Website: doi.nv.gov  
E-mail: insinfo@doi.state.nv.us

August 28, 2012

California Casualty Indemnity Exchange  
Attn: James M. Sevey  
1900 Alameda De Las Pulgas  
San Mateo, CA 94403

RE: Christopher L. Carle, et al. vs. California Casualty Indemnity Company, et al.  
District Court, Clark County, Nevada  
Case No. A-12-666695-C

Dear Mr. Sevey:

Enclosed please find the following documents: Summons-Civil and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on August 24, 2012 in our Las Vegas office.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

SCOTT J. KIPPER  
Commissioner of Insurance

By: *Felecia Casci*  
FELECIA CASCI  
Service of Process Clerk

Enclosures

c: Kyle A. Stucki, Esq.

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons-Civil and Complaint upon the following defendant in the within matter, by mailing a copy thereof, properly addressed with postage prepaid, certified mail return receipt requested, to the following:

> California Casualty Indemnity Exchange
> Attn: James M. Sevey
> 1900 Alameda De Las Pulgas
> San Mateo, CA 94403
> Certified Mail No. 7011 2970 0003 5621 1081

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 28th day of August, 2012.

_____
FELECIA CASCI
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE: Christopher L. Carle, et al. vs. California Casualty Indemnity Company, et al.
District Court, Clark County, Nevada
Case No. A-12-666695-C

State of Nevada, Division of Insurance
The document on which this certificate is stamped is a full, true and correct copy of the original

Date: _____ By: _____

BRIAN SANDOVAL  
*Governor*

**STATE OF NEVADA**

TERRY JOHNSON  
*Director*



SCOTT J. KIPPER  
*Commissioner*

**DEPARTMENT OF BUSINESS AND INDUSTRY**  
**DIVISION OF INSURANCE**  
1818 East College Pkwy., Suite 103  
Carson City, Nevada 89706  
(775) 687-0700    •    Fax (775) 687-0787  
Website: doi.nv.gov  
E-mail: insinfo@doi.state.nv.us

August 28, 2012

Kyle A. Stucki, Esq.  
Richard Harris Law Firm  
801 South Fourth Street  
Las Vegas, NV 89101

RE:   Christopher L. Carle, et al. vs. California Casualty Indemnity Company, et al.  
         District Court, Clark County, Nevada  
         Case No. A-12-666695-C

Dear Mr. Stucki:

The service of process documents were served upon the Commissioner of Insurance on August 24, 2012, in our Las Vegas office. Service has been completed on defendant, California Casualty Indemnity Exchange, this date and enclosed are the following:

1.   A copy of our letter to California Casualty Indemnity Exchange dated August 28, 2012
2.   Copy of the Proof of Service dated August 28, 2012
3.   Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Very truly yours,

SCOTT J. KIPPER  
Commissioner of Insurance

By: *Felecia Casci*  
FELECIA CASCI  
Service of Process Clerk

Enclosures  
c:   California Casualty Indemnity Exchange

# DISTRICT COURT

## CLARK COUNTY, NEVADA

CHRISTOPHER L. CARLE; ASA EUBANKS,

    Plaintiffs,

vs.

CALIFORNIA CASUALTY INDEMNITY EXCHANGE, a foreign corporation; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,

    Defendants.

**SUMMONS – CIVIL**

Case No.: A-12-666695-C
Dept. No.: XXIX

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

## CALIFORNIA CASUALTY INDEMNITY EXCHANGE

1. If you intend to defend this lawsuit, within 30 days after this Summons is served on you exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issue at the direction of:

RICHARD HARRIS LAW FIRM

                                         CLERK OF COURT

KYLE A. STUCKI, ESQ.
Nevada Bar No. 12646
801 S. Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

DEPUTY CLERK        Date
Regional Justice Center    TERRI STRINGER
200 Lewis Avenue
Las Vegas, Nevada 89155

AUG 20 2012

Electronically Filed
08/13/2012 11:12:35 AM

CLERK OF THE COURT

**COMP**
JOSHUA R. HARRIS, ESQ.
Nevada Bar No. 9580
KYLE A. STUCKI, ESQ.
Nevada Bar No. 12646
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax:   (702) 444-4455
Email: Kyle@richardharrislaw.com

*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CHRISTOPHER L. CARLE; ASA EUBANKS, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIFORNIA CASUALTY INDEMNITY EXCHANGE, a foreign corporation; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally, <br><br> Defendants. | Case No.: A-12-666695-C <br> Dept. No.: XXIX <br><br><br><br> **COMPLAINT** |

COME NOW, Plaintiffs CHRISTOPHER L. CARLE and ASA EUBANKS, by and through their attorneys of record JOSHUA R. HARRIS, ESQ. and KYLE A. STUCKI, ESQ. of the RICHARD HARRIS LAW FIRM, and complain and allege as follows:

### PARTIES AND JURISDICTION

1. That at all times relevant herein, Plaintiff CHRISTOPHER L. CARLE (hereinafter "Christopher"), is and was a resident of Clark County, Nevada.

- 1 -

2. That at all times relevant herein, Plaintiff ASA EUBANKS (hereinafter "Asa"), is and was a resident of Clark County, Nevada.

3. That at all times relevant herein, Defendant CALIFORNIA CASUALTY INDEMNITY EXCHANGE (hereinafter "CALIFORNIA CASUALTY"), is and was a California company, providing insurance products and services, and conducting business in Clark County, Nevada.

4. The identities of Defendant DOES 1 through 10, and ROE ENTITIES 11 through 20, are unknown at this time and are individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations or related business entities of Defendants, inclusive, who were acting on behalf of or in concert with, or at the direction of Defendants and are responsible for the injurious activities of the other Defendants.

5. Plaintiffs allege that each named Doe and Roe Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.

6. Each named and Doe and Roe Defendant is legally responsible for the events and happenings stated in this Complaint, and thus proximately caused injury and damages to Plaintiffs.

7. Plaintiffs request leave of the Court to amend this Complaint to specify the Doe and Roe Defendants when their identities become known.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. On or about July 14, 2011, Christopher was lawfully driving a vehicle on a public roadway in Las Vegas, Nevada, in which Asa was a passenger.

9. On or about July 14, 2011 and at all times relevant hereto, Shawn Christopher Monegan, operated a vehicle in such a negligent and careless manner as to cause a collision with Plaintiffs' vehicle.

10. As a direct and proximate result of Shawn Christopher Monegan's negligence, and the resulting accident, as herein alleged, Plaintiffs have been caused to suffer bodily injury, disability, medical treatment, as loss of enjoyment of life, great pain and suffering of mind and body, some or all of which may be permanent and/or experienced in the future, all to Plaintiffs' general damage in an amount to be proven at trial.

11. As a proximate result of Shawn Christopher Monegan's negligence, Plaintiffs were required to, and did employ, physicians and medical providers for examinations, treatment, consultations, and care of bodily injuries, and did incur medical and incidental expenses, in an amount in excess of $10,000.00.

12. As a further and proximate result of Shawn Christopher Monegan's negligence, Plaintiffs have incurred past medical expenses, and Plaintiffs will incur future medical expenses in an amount to be proven at trial.

13. An automobile insurance policy number 1067914 was in force and effect for Christopher's vehicle, which Christopher was driving at the time of said incident.

14. Said insurance policy coverage was issued by Defendant CALIFORNIA CASUALTY and contained a provision for underinsured motorist coverage (UIM).

15. Defendant CALIFORNIA CASUALTY refused to properly and fairly compensate Plaintiffs under the terms of the contract, and specifically the UIM portion of Plaintiffs' insurance policy.

16. As a further and proximate result of Shawn Christopher Monegan's negligence, Plaintiffs have incurred attorneys' fees and costs. Plaintiffs will incur future attorneys' fees and costs that are presently undetermined.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

17. Plaintiffs repeat and reallege each of the allegations contained in the preceeding and subsequent paragraphs of this Complaint as fully set forth herein.

18. That an automobile insurance policy number 1067914 was in force and effect for Plaintiffs' vehicle, which Christopher was driving at the time of said incident.

19. That said insurance policy coverage was issued through Defendant CALIFORNIA CASUALTY.

20. That said policy includes a provision for underinsured motorist (UIM) coverage.

21. That a UIM claim is one of a contractual nature.

22. That Plaintiffs cannot recover the full amount of damages against Shawn Christopher Monegan as an underinsured motorist.

23. That Plaintiffs suffered damages as the result of the collision with Shawn Christopher Monegan in excess of $10,000.00 and said damages include past and future medical expenses, general damages for past and future pain and suffering, past and future loss of earnings, and other damages.

24. That Defendant CALIFORNIA CASUALTY breached its contract to fully compensate Plaintiffs for damages under the terms of the uninsured motorist policy.

25. That said breach by Defendant CALIFORNIA CASUALTY has caused Plaintiffs damages in excess of $10,000.00.

- 4 -

26. Plaintiffs bring this cause of action against Defendant, CALIFORNIA CASUALTY to recover damages under Plaintiffs' underinsured motorist policy for personal injuries and other damages in an amount well in excess of $10,000.00.

## SECOND CAUSE OF ACTION
### (Violation of the Unfair Claims Practices Act)

27. Plaintiffs repeat and reallege each of the allegations contained in the preceeding and subsequent paragraphs of this Complaint as set forth herein.

28. That Defendant CALIFORNIA CASUALTY's actions were in violation of provisions of the Unfair Claims Practices Act (NRS 686A.310 et esq.), violation of which was done with Defendant CALIFORNIA CASUALTY's actual and/or implied knowledge.

29. That pursuant to NRS 686A310(2), CALIFORNIA CASUALTY is liable for any damages sustained by Plaintiffs as a result of its violation of the unfair claims practices, including damages for benefits denied under the insurance policy, consequential damages, emotional distress, and attorney's fees.

## THIRD CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing/Bad Faith)

30. Plaintiffs repeat and reallege each of the allegations contained in the preceeding and subsequent paragraphs of the Complaint as fully set forth herein.

31. That Defendant CALIFORNIA CASUALTY failed to deal fairly and in good faith with Plaintiffs by denying, and/or delaying payment of, benefits due under the insurance policy without proper cause.

32. That as a result of the breach of the implied covenant of good faith and fair dealing, Plaintiffs are entitled to damages for denied benefits, consequential damages,

attorney's fees and emotional distress, incurred as a result of Defendant CALIFORNIA CASUALTY's bad faith.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief and judgment against Defendants as follows:

1. Expectation damages for denied policy benefits in excess of $10,000.00;
2. Consequential damages; including attorney's fees;
3. Punitive damages;
4. Costs of suit; and
5. For such other and further relief as the Court may deem appropriate.

DATED this 13th day of August, 2012.

RICHARD HARRIS LAW FIRM

JOSHUA R. HARRIS, ESQ.
Nevada Bar No. 9580
KYLE A. STUCKI, ESQ.
Nevada Bar No. 12646
801 S. Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*